UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL D. HARRIS,

     Plaintiff,

v.                          Case No.:  2:20-cv-391-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint.  (Doc. 10).  When Plaintiff, proceeding *pro se*, failed to timely respond to the motion, the Undersigned entered an Order to show cause directing Plaintiff to show cause as to why he failed to respond to Defendant's motion and to file a written response to the motion.  (Doc. 14).  The Order to show cause warned Plaintiff that failure to comply fully with the Order would result in the Court deeming the motion unopposed and/or dismissal of the action for failure to prosecute.  (*Id.*).  In response, Plaintiff filed a two-page Notice of Filing, which the Undersigned construes as a response to the Order to show cause.  (Doc. 16).  Thus, the motion is ripe for review.  For the reasons set forth below, the Undersigned recommends that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 10) be **GRANTED**.

## I.   Background

The nature of the arguments raised in the motion necessitates a lengthy explanation of the procedural background of the action and its 2019 companion.

On November 14, 2019, Plaintiff filed a Complaint in this Court against the Social Security Administration ("SSA"), seeking the Court's assistance in obtaining $11,315.20 ("reimbursement award").  *See Harris v. Comm'r of Soc. Sec.*, No. 2:19-cv-00823-NPM, Doc. 1 (M.D. Fla. Nov. 14, 2019).[1]  More precisely, an administrative law judge ("ALJ") found Plaintiff to be entitled to $11,315.20 in a reimbursement award because the ALJ determined that after Plaintiff had received $27,283.80 in overpayments, Plaintiff repaid too much towards his overpayments.  (*See* Doc. 10-1). Additionally, Plaintiff sought a $1,000.00 per day penalty for each day the SSA failed to pay the reimbursement award by a date certain.  *See Harris*, No. 2:19-cv-00823-NPM, Doc. 1.  On motion by Defendant, *Harris*, No. 2:19-cv-00823-NPM, Doc. 10, the action was stayed to allow the parties to confer and resolve the matter, *Harris*, No. 2:19-cv-00823-NPM, Doc. 11.  Because Plaintiff subsequently received the reimbursement award, *see Harris*, No. 2:19-cv-00823-NPM, Doc. 14, the parties sought to dismiss the action on April 13, 2020, *Harris*, No. 2:19-cv-00823-NPM, Doc. 16.  On April 13, 2020, the Court granted the Consent Motion to Dismiss, *Harris*, No. 2:19-cv-00823-NPM, Doc. 17, and judgment was entered the same day,

---

[1]  Hereinafter, the Undersigned cites to the prior action as *Harris*, No. 2:19-cv-00823-NPM followed by the appropriate docket citation.  Unless preceded by *Harris*, No. 2:19-cv-00823-NPM, all docket citations refer to the instant action.

*Harris*, No. 2:19-cv-00823-NPM, Doc. 18.  On April 24, 2020, the parties jointly moved the Court to award Plaintiff the $400.00 filing fee, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *Harris*, No. 2:19-cv-00823-NPM, Doc. 19, and the Court granted the motion on April 27, 2020, *Harris*, No. 2:19-cv-00823-NPM, Doc. 20.

A month later, on May 28, 2020, Plaintiff filed the instant action against the SSA, alleging that he never received the $400.00 filing fee awarded in the prior action and seeking the following damages:  (1) $267,500.00 in damages for unnamed ALJs' "bad faith;" (2) $100,000.00 in damages to investigate the SSA's ALJs; (3) an additional reimbursement award, equating to $214.80 more than the ALJ previously awarded; (4) the $400.00 filing fee for the prior litigation; (5) the $400.00 filing fee for the instant litigation; and (6) an additional $300.00 in expenses associated with the litigations.[2]  (*See* Doc. 1).  For the ease of discussion, the Undersigned refers these requested damages as claims, despite Plaintiff's failure to enumerate specified claims. (*See id.*).  In total, Plaintiff seeks an award of $368,814.80 ($287,500.00 + $100,000.00 + $214.80 +$400.00 + $400.00 + $300.00 = $368,814.80).  (*Id.* at ¶ 13).[3]

---

[2]  It is unclear to the Undersigned whether the additional $300.00 in expenses discussed in Plaintiff's Complaint is associated with the instant litigation or the prior litigation.  (*See* Doc. 1 at ¶ 11).  Because the motion has been referred to the Undersigned for a Report and Recommendation, the Undersigned considers both scenarios for the benefit of the presiding United States District Judge.

[3]  Plaintiff's Complaint calculates his requested damages as $368,814.50.  (*See* Doc. 1 at ¶ 13).  As noted above, the correct calculation is $368,814.80.  The Undersigned construes Plaintiff's calculation as either a typographical or mathematical error and considers the requested damages as $368,814.80.

Having been duly served with the Complaint, (*see* Docs. 6-8), Defendant filed the instant motion, requesting that the Court dismiss this action for lack subject matter jurisdiction, (*see generally* Doc. 10).  In support, Defendant asserts several arguments:  (1) to the extent Plaintiff seeks to bring this action on behalf of others, Plaintiff cannot represent other parties, (*id.* at 6-7); (2) to the extent Plaintiff seeks to increase the reimbursement award, the Court should dismiss the Complaint on either the basis of res judicata or failure to exhaust, (*id.* at 7-12); (3) to the extent Plaintiff seeks monetary damages, the Court lacks jurisdiction to award such damages, (*id.* at 12-16); (4) to the extent Plaintiff seeks a Court Order authorizing the investigation of the SSA, the Court lacks the authority to order or authorize such an investigation, (*id.* at 16-17); and (5) to the extent Plaintiff seeks claims related to costs or expenses of this action or his prior action, the issue is moot or otherwise barred by res judicata, (*id.* at 17-18).

In response, Plaintiff filed a Notice of Filing, stating that he does not want the action dismissed and that he has advised defense counsel of the same.  (*See* Doc. 16 at 1-2).  Additionally, Plaintiff notes that he has requested paperwork from Defendant but has not received it.  (*Id.* at 2).  Finally, Plaintiff maintains that he would like the case set for trial as soon as possible.  (*Id.*).  Plaintiff does not directly address Defendant's arguments.  (*See id.* at 1-2).

The Undersigned considers each argument in turn below, beginning with the legal standards governing motions to dismiss for lack of subject matter jurisdiction before turning to specific grounds for dismissal raised.

## II.   Legal Standard

Federal courts are courts of limited jurisdiction.   "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."   *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). The burden of establishing the existence of federal subject matter jurisdiction lies with the party that brings the claim.   *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).   A facial attack on a complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."   *McElmurray*, 501 F.3d at 1251 (alterations in original) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).   In that situation, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is

raised," and the Court must consider the allegations in the plaintiff's complaint as true. *Id.* (citing *Williamson*, 645 F.2d at 412). If a defendant's attack on a complaint challenges subject matter jurisdiction in fact, the Court may consider facts outside the pleadings and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645 F.2d at 412).

Here, Defendant appears to challenge the subject matter jurisdiction in fact, and the Undersigned, therefore, weighs the evidence to determine whether it has power to hear the claims in the Complaint. *See id.*

## III. Analysis

### A. Plaintiff Does Not Bring any Claims on Behalf of Others.

Defendant notes that Plaintiff requests relief on behalf of other parties. (Doc. 10 at 6-7). Specifically, Defendant asserts that Plaintiff (1) seeks a monetary award to purchase a motor home that Plaintiff will share with others, (2) seeks a monetary award to investigate the SSA on behalf of himself personally and others, and (3) intends to present evidence on behalf of another SSA claimant. (*See id.*). Nevertheless, Defendant argues that Plaintiff is representing himself *pro se* and has "failed to establish that he has the capacity to represent these other parties before this Court." (*See id.*).

Upon review of Plaintiff's Complaint, the Undersigned finds that Plaintiff does not appear to be asserting any claims on behalf of another individual. (*See* Doc.

1).  Rather, Plaintiff asserts claims and seeks damages on his own behalf while also highlighting that others may benefit from any award.  (*See, e.g.*, *id.* at ¶¶ 5-6).  The Undersigned finds that the fact that others may benefit if Plaintiff is awarded damages does not rise to the level of unauthorized practice of law.  Accordingly, the Undersigned finds Defendant's motion moot to the extent it requests that this Court "dismiss any claim Plaintiff has brought on behalf of or seeking damages for individuals or entities beyond himself."  (*See* Doc. 10 at 7).

Nevertheless, the Undersigned recommends that the presiding United States District Judge warn Plaintiff against asserting claims or filing motions on behalf of other persons.  *See Harvey v. Seminole Cty., Sheriff*, No. 6:16-cv-56-Orl-41TBS, 2016 WL 922548, at *1 (M.D. Fla. Feb. 4, 2016), *report and recommendation adopted sub nom. Harvey v. Seminole Cty.*, No. 6:16-cv-56-Orl-41TBS, 2016 WL 916560 (M.D. Fla. Mar. 10, 2016) (collecting cases to support the proposition that a non-attorney *pro se* plaintiff may not sign pleadings, motions, or other papers on behalf of another *pro se* plaintiff); *see also United States v. Daleiden*, No. 8:19-cv-3047-T-60CPT, 2020 WL 3073937, at *3 (M.D. Fla. June 10, 2020) (warning non-attorney *pro se* plaintiff that filing papers on behalf of other persons or entities may constitute the unauthorized practice of law).

### B.   Plaintiff's Claim for an Additional $214.80 Reimbursement Award Is Due to Be Dismissed.

Defendant next highlights that "[t]he main substance of Plaintiff's personal litigation against SSA involves an overpayment reimbursement," which Defendant

asserts was litigated and resolved in the Plaintiff's prior civil action. (*See* Doc. 10 at 7-8). As a result, Defendant argues that Plaintiff's current action is due to be dismissed based on the principle of res judicata. (*See id.* at 8-9). Specifically, Defendant argues that: (1) the Court issued final judgment in the prior action; (2) the Court had jurisdiction over Plaintiff's previously raised claims; (3) both Plaintiff and the SSA were parties to the prior litigation; and (4) Plaintiff now raises the same claims raised in the prior litigation. (*Id.* at 9). As to the fourth element, Defendant clarifies that "[b]ecause Plaintiff's prior action involved determining the amount of benefits the agency should repay Plaintiff based on the ALJ's decision on the issue of an excessive agency overpayment collection, any issue about whether the agency owed Plaintiff further amounts on that same basis clearly involves the same primary rights and duties." (*Id.*). Defendant contends that because the issue existed at the time of the prior action, Plaintiff could have challenged the reimbursement amount authorized by the ALJ in the prior action and, therefore, res judicata bars Plaintiff's claim with regard to the amount of any benefits he is owed. (*Id.*).

In the alternative, Defendant argues that the claim is due to be dismissed because Plaintiff "has failed to exhaust his administrative remedies on the overpayment reimbursement issue he raises before this Court." (*Id.*). Specifically, Defendant maintains that Plaintiff had sixty-five days from receiving the ALJ's overpayment reimbursement decision to appeal the decision to the Appeals Council but that Plaintiff failed to appeal. (*See id.* (citations omitted)). Defendant essentially

argues that because Plaintiff did not appeal the ALJ's decision, Plaintiff failed to timely comply with the requirements of 42 U.S.C. § 405(g).  (*See id.* at 10-12).

As to Defendant's argument that Plaintiff's claim for an additional $214.80 reimbursement award is barred by the doctrine of res judicata, (*see id.* at 7-9), the Undersigned agrees.  As the Eleventh Circuit has observed:  "[t]he purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1990) (second alteration in original) (quoting *Montana v. United States*, 440 U.S. 147, (1979)).  Although not addressed by Defendant, the doctrine of "[r]es judicata generally refers to two separate concepts:  claim preclusion and issue preclusion (also referred to as collateral estoppel)." *Clements v. Apax Partners LLP*, No. 2:20-cv-310-FtM-29MRM, 2021 WL 982740, at *4 (M.D. Fla. Mar. 16, 2021), *reconsideration denied,* No. 2:20-cv-310-FtM-JES-MRM, 2021 WL 1851684 (M.D. Fla. May 10, 2021) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)).

Here, Defendant appears to assert that the doctrine of claim preclusion applies.  (*See* Doc. 10 at 7-8).  Claim preclusion "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).  A claim is barred by the doctrine of claim preclusion, if:  "(1) there is a final judgment

on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1990)). "If a case arises out of the same nucleus of operative fact, or is based on the same factual predicate as a former action, then the two cases present the same claim or cause of action for purposes of res judicata." *Schwab v. Huntington Nat. Bank*, No. 2:12-cv-315-FtM-38, 2013 WL 6182127, at *6 (M.D. Fla. Nov. 25, 2013) (citing *Home Depot U.S.A., Inc. v. U.S. Fire Ins. Co.,* 299 F. App'x 892, 896 (11th Cir. 2008)).

Here, the first three elements are easily met. First, the Court entered final judgment in the previous litigation. *See Harris*, No. 2:19-cv-00823-NPM, Doc. 18.[4] Second, the Court was a court of competent jurisdiction to the claims raised in the prior litigation. *See generally Harris*, No. 2:19-cv-00823-NPM. Finally, the parties – Mr. Michael D. Harris and the Commissioner of the Social Security – are the same in both cases. *Compare Harris*, No. 2:19-cv-00823-NPM, Doc. 1, *with* (Doc. 1). Thus, the only element of claim preclusion at issue is whether both cases involve the same cause of action.

---

[4] Although judgment was entered pursuant to a Rule 41(a)(1)(A)(ii) stipulation of dismissal, titled as a Consent Motion to Dismiss, res judicata nonetheless applies. *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004) ("In the absence of a settlement agreement [providing otherwise], a judgment of dismissal pursuant to Rule 41 should be given the same *res judicata* effect as any other judgment.").

To satisfy the fourth element, "[t]he two claims must arise out of the same transaction or series of transactions and should rely on the same facts or evidence." *Schwab*, 2013 WL 6182127, at *7 (citing *Wallis v. Justice Oaks II, Ltd.,* 898 F.2d 1544, 1551 (11th Cir. 1990); *Aquatherm Indus., Inc. v. Fla. Power & Light Co.,* 84 F.3d 1388, 1394 (11th Cir. 1996)).  The Undersigned finds this element satisfied as to the claim for an additional reimbursement award.  The Eleventh Circuit has observed that "absolutely identical cause of actions are not required for res judicata to apply." *Home Depot U.S.A.*, 299 F. App'x at 896.  Rather, the operative question is whether the new claim "arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action."  *Id.*; *see also Schwab*, 2013 WL 6182127, at *7.  As a practical example, in *Ragsdale v. Rubbermaid, Inc.*, the Eleventh Circuit found that the plaintiff's retaliation claim – alleged in a second action – was the same as his prior *qui tam* claim for the purposes of res judicata because both claims existed at the time the original complaint was filed and both claims arose out of a common nucleus of operative fact.  *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1240 (11th Cir. 1999).  The Eleventh Circuit specified that although the form of the actions were distinct, "both claims grew out of a common nucleus of operative fact:  [the defendant] engaged in illegal conduct and [the plaintiff's] discovery of that conduct led to his discharge, a series of transactions closely related in time, space, and origin."  *Id.*

Here, the Undersigned finds that, as in *Ragsdale*, the two claims – though distinct – are the same cause of action for the purposes of res judicata.  To that end,

while in form the actions are distinct – the previous seeking assistance in obtaining the award and the current seeking judicial review of the award – both arise out of the issuance of a reimbursement award. *Compare Harris*, No. 2:19-cv-00823-NPM, Doc. 1, *with* (Doc. 1). Additionally, both existed at the time of the filing of the initial Complaint. As such, the Undersigned finds that the claims are the same for the purposes of res judicata. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d at 1240. Accordingly, the Undersigned finds that Plaintiff is barred from bringing a claim for judicial review of his reimbursement award.

Furthermore, the Undersigned is also persuaded by Defendant's alternative argument that Plaintiff's claim for an additional $214.80 reimbursement award should be dismissed for Plaintiff's failure to exhaust his administrative remedies. (*See* Doc. 10 at 9-12). To that end, the Undersigned finds a brief review of Congress' limited waiver of sovereign immunity in the context of Social Security appeals instructive.

The United States "'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349, 1352-53 (11th Cir. 2007) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). "If sovereign immunity applies, a court lacks subject matter jurisdiction to consider a claim." *Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 n.3 (11th Cir. 2020) (citing *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015)).

Pursuant to 42 U.S.C. § 405(g), Congress partially waived sovereign immunity and gave courts the authority to review, modify, or reverse the Commissioner's decisions. *Jackson*, 506 F.3d. at 1353. The remedies enumerated in the statute are the sole source of federal jurisdiction in social security disability cases. *Id.* (citing 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.")).

Section 405(g) provides in pertinent part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Thus, judicial review is limited to review of a final decision made by the Commissioner after a hearing. *See Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 839 (11th Cir. 2012) (citing 42 U.S. C. § 405(g)). "On its face [§] 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). Implicit in this requirement is:

> the principle that this condition consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the

> Secretary.  Absent such a claim there can be no "decision"
> of any type.  And some decision by the Secretary is clearly
> required by the statute.

*Id.*  If the non-waivable element is satisfied, then the Court must consider whether a

claimant received a "sufficiently" "final" decision with respect to his "constitutional

claim to satisfy the statutory exhaustion."  *Id.* at 330.  The Commissioner may waive

the exhaustion requirements "if he satisfies himself, at any stage of the administrative

process, that no further review is warranted either because the internal needs of the

agency are fulfilled or because the relief that is sought is beyond his power to

confer."  *Id.*; *see also Counts v. Comm'r of Soc. Sec.*, No. 6:09-cv-2157-Orl, 2010 WL

5174498, at *5 (M.D. Fla. Dec. 15, 2010).

The Social Security Act does not define "final decision," "instead leaving it to

the Commissioner to give meaning to that term through regulations."  *Bello*, 460 F.

App'x at 839 (citing *Sims v. Apfel*, 530 U.S. 103, 106 (2000)).  Under the

Commissioner's regulations, to satisfy the requirements of finality of an social

security claim, a claimant must pursue all of the four-step administrative review

process including:  (1) an initial determination; (2) a reconsideration determination;

(3) a hearing decision by an ALJ; and (4) a discretionary review by the Appeals

Council.  *See McDonnell v. Comm'r of Soc. Sec.*, No. 5:21-cv-315-Oc-GKS-PRL, 2021

WL 4267861, at *3 (M.D. Fla. Aug. 12, 2021), *report and recommendation adopted,* No.

5:21-cv-315-Oc-GKS-PRL, 2021 WL 4263473 (M.D. Fla. Sept. 20, 2021) (citations

omitted).  Importantly, to appeal an ALJ's decision to the Appeals Council, a

claimant must file an appeal sixty days from the date of receipt of the ALJ's decision.

14

*See* 20 C.F.R. § 404.968(a)(1).  The date of receipt is presumed to be five days after the date of the notice, unless there is a showing to the contrary.  20 C.F.R. § 404.901. If a claimant does not pursue his rights through the Appeals Council after a hearing decision, that hearing decision becomes final and binding and there is no final decision for the purpose of judicial review.  *See* 20 C.F.R. § 404.981; *Sims*, 530 U.S. at 107; *Bowen v. City of New York*, 476 U.S. 467, 472 (1986).

Here, Plaintiff's Notice of Decision – Partially Favorable is dated March 19, 2019.  (Doc. 10-1 at 1).  Accordingly, receipt is presumed five days later, on March 24, 2019.  *See* 20 C.F.R. § 422.210(c).  There is no indication in the record before the Court that Plaintiff did not receive the Notice of Decision – Partially Favorable within the five-day period and Plaintiff did not raise this argument.  (*See* Doc. 1, 16). Thus, under the sixty-day requirement, Plaintiff was required to have appealed the decision to the Appeals Council no later than May 23, 2019.  However, there is no evidence that Plaintiff appealed the decision to the Appeals Council.  Defendant specifically argues that Plaintiff failed to appeal, (*see* Doc. 10 at 10), and this assertion is uncontroverted by Plaintiff, (*see* Doc. 16).[5]  Accordingly, the Undersigned finds that Plaintiff failed to exhaust his administrative remedies as to the amount of the

---

[5]  Even had Plaintiff appealed the ALJ's decision, the result would remain the same. Plaintiff has provided no evidence and proffered no argument that this Complaint was filed within sixty-five days of his receipt of any decision by the Appeals Council. *See* 42 U.S.C. § 405(g), 20 C.F.R. § 422.210(c).  Accordingly, the claim would fall outside of Congress' sovereign immunity waiver and the Complaint would be due to be dismissed.

reimbursement award.  As a result, the Court is without jurisdiction to consider this issue.

In sum, the Undersigned finds that Plaintiff's claim for an additional $214.80 reimbursement award is due to be dismissed because it is barred by the doctrine of res judicata and, alternatively, Plaintiff failed to exhaust his administrative remedies. The Undersigned, therefore, recommends that the presiding United States District Judge grant the motion to dismiss as to this this claim.

### C.   Plaintiff's Claim for $267,500.00 in Monetary Damages Is Due to Be Dismissed.

Next, as to Plaintiff's claims for $267,500.00 in damages for the stress caused by the SSA and $100,00.00 in damages to prepay Plaintiff and "his team members" to investigate the SSA, (*see* Doc. 1 at ¶¶ 5-6), Defendant argues that the Court lacks jurisdiction to award monetary damages, (Doc. 10 at 12).  In support, Defendant highlights that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  (*Id.* (alteration in original) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994))).  Thus, Defendant maintains that "Plaintiff's request for damages is barred unless he can identify some waiver that might allow the Court to entertain the request" and that Plaintiff has failed to do so. (*See id.* at 12-13).  Moreover, Defendant argues that the waiver of immunity included in the Social Security Act is limited and does not include a provision for monetary damages arising from the wrongful denial of benefits or the recovery of consequential damages.  (*See id.* at 13 (citations omitted)).  Thus, Defendant argues that the Court

does not have subject matter jurisdiction over Plaintiff's request for general damages. (*Id.* at 13-14 (citing 42 U.S.C. § 405(h); Fed. R. Civ. P. 12(b)(1))).

Additionally, while Defendant notes that Congress has also partially waived the Government's immunity under the Federal Tort Claims Act ("FTCA"), Defendant asserts that the intent of the FTCA "is to provide redress against the federal government for ordinary torts recognized by state law." (*Id.* at 14 (citations omitted)). Defendant argues that Plaintiff has not identified any negligence under Florida law. (*Id.*). Additionally, Defendant essentially contends that Plaintiff has not otherwise met the exhaustion requirements under the FTCA, including presentation of a claim to the appropriate federal agency and receipt of a denial of the claim by the agency, and the Court, therefore, does not have subject matter jurisdiction over the claims. (*See id.* at 14-16 (citations omitted)).

As noted above, the United States "'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349, 1352-53 (11th Cir. 2007) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). Pursuant to 42 U.S.C. § 405(g), Congress waived sovereign immunity and gave courts the authority to review, modify, or reverse the Commissioner's decisions. *Id.* at 1353. The remedies enumerated in the statute are the sole source of federal jurisdiction in social security disability cases. *Id.* (citing 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be

reviewed by any person, tribunal, or governmental agency except as herein provided.")).

Section 405(g) provides in pertinent part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

This limited waiver does not allow a plaintiff to sue the Commissioner of the SSA for damages made in connection with the Commissioner's decision to deny social security benefits. *See Williams v. Comm'r of Soc. Sec.,* No. 8:20-cv-3096-T-CEH-AAS, 2021 WL 1165593, at *3 (M.D. Fla. Mar. 8, 2021), *report and recommendation adopted,* No. 8:20-cv-3096-T-CEH-AAS, 2021 WL 1165224 (M.D. Fla. Mar. 26, 2021). Accordingly, the Social Security Act does not authorize the Court to exercise jurisdiction over this claim. *See id.*

Moreover, to the extent Plaintiff's Complaint can be construed as asserting a *Bivens* action—which allows an individual to sue a federal official in his or her individual capacity for violating the plaintiff's constitutional rights—against the Commissioner, the Undersigned finds that such a claim cannot be brought as a remedy for an allegedly insufficient reimbursement of social security benefits. *See id.* (citing *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 397 (1971)). As the Supreme Court has found, the Social Security Act "makes no provision for remedies

in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988); *see also Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010); *Williams*, 2021 WL 1165593, at *3, *report and recommendation adopted,* 2021 WL 1165224.  Accordingly, the Court lacks jurisdiction over any *Bivens* action brought against the Commissioner.  *See id.*

Even if Plaintiff seeks to bring his claim under the FTCA, the Undersigned finds that the Complaint is due to be dismissed.  Like the Social Security Act, the FTCA partially waives the government's sovereign immunity.  *See* 28 U.S.C. § 1346(b)(1).  The plain language of the Social Security Act, however, prevents a claimant from seeking damages under the FTCA in connection with any claim under the Social Security Act.  *See Williams*, 2021 WL 1165593, at *3, *report and recommendation adopted,* 2021 WL 1165224 (citing *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000)); *see also* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").  Thus, when a plaintiff's claim arises under the Social Security Act, the Social Security Act excludes FTCA jurisdiction.  *See Williams*, 2021 WL 1165593, at *3, *report and recommendation adopted,* 2021 WL 1165224 (citing *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000); *Raczkowski v. United States*, 138 F. App'x 174, 175 (11th Cir. 2005)).

Accordingly, the Undersigned finds that to the extent Plaintiff's claim for monetary damages, construed as being brought under the FTCA, arises from the partial denial of his reimbursement award, the Court is without jurisdiction to hear the claim.  *See id.*

To the extent Plaintiff's claim for monetary damages, construed as being brought under the FTCA, does not arise from the partial denial of his reimbursement award, the Undersigned finds that Plaintiff has not exhausted his administrative remedies under the FTCA.  "In addition to numerous exceptions and limitations to bringing a lawsuit under the FTCA, exhaustion of administrative remedies is a non-waivable jurisdictional prerequisite to invoking a district court's subject matter jurisdiction."  *Willoughby v. Colvin*, No. 6:13-cv-1365-Orl-40KRS, 2014 WL 5038550, at *5 (M.D. Fla. Sept. 30, 2014) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)).  These administrative remedies include presenting the claim to the appropriate federal agency and receiving a denial of the claim from that agency.  *See Pompey v. Coad,* 314 F. App'x 176, 179 (11th Cir. 2008) (citations omitted); *see also* 28 U.S.C. § 2675(a).  Moreover, it is the plaintiff's burden to show that he exhausted his administrative remedies.  *See Lykins v. Pointer, Inc.*, 725 F.2d 645, 647 (11th Cir. 1984) ("To satisfy the jurisdictional requirements '[t]here must be proof of timely written notice of the claim to the appropriate agency. . . .'") (alteration in original); *see also Hinson v. Palm Beach Cty. Sheriff's Off.*, No. 13-81342-CIV, 2014 WL 12279424, at *3 (S.D. Fla. Feb. 21, 2014) (dismissing FTCA claims in part because the plaintiff failed

to allege or show that a timely written notice of a claim was presented to the federal agency).

Here, Plaintiff has not alleged or shown that he submitted an administrative tort claim to the Commissioner or that the Commissioner denied the claim.  (*See* Docs. 1, 16).  On the other hand, Defendant has provided an affidavit signed by Brandon Del'Aglio, an FTCA Team Leader, attesting that "no administrative tort claim has been filed against SSA by the Plaintiff herein, relative to the claims asserted in the [instant] action."  (*See* Doc. 10-4 at ¶¶ 1, 5).  In light of this uncontroverted evidence, the Undersigned finds that the Court lacks subject matter jurisdiction over any claim brought under the FTCA that is unrelated to the partial denial of Plaintiff's reimbursement award.  *See Willoughby*, 2014 WL 5038550, at *5.

Finally, even if the presiding United States District Judge were to find that Plaintiff exhausted his administrative remedies, the Undersigned finds that the Complaint would nonetheless be due to be dismissed because Plaintiff has identified no recognized negligence claim under Florida state law, as required to seek redress against the Commissioner for an FTCA claim.  *See Ochran v. United* States, 273 F.3d 1315, 1317 (11th Cir. 2001); (*see also* Doc. 1).

In sum, the Undersigned finds that the Court lacks jurisdiction to hear either Plaintiff's claim for $267,500.00 in damages for the stress caused by the SSA or his claim for $100,00.00 in damages to prepay Plaintiff and "his team members" to investigate the SSA under either the Social Security Act or the FTCA.  (*See* Doc. 1 at ¶¶ 5-6).

**D.   Plaintiff's Claim for $100,000.00 to Investigate SSA Employees Is Due to Be Dismissed.**

Defendant next argues that the Court must deny Plaintiff's request that the Court authorize him to investigate how the ALJs have wronged him and others. (Doc. 10 at 16 (citing Doc. 1 at ¶¶ 3,6)).  Defendant maintains that "Congress has reserved the administration of SSA's programs to the Commissioner" and that "the Commissioner and his delegates have exclusive authority and control over all [SSA] personnel and activities thereof."  (*Id.* (internal quotations omitted; alteration in original) (citing See 42 U.S.C. § 901(b); 42 U.S.C. § 902(a)(4))).  Thus, Defendant argues that "it is for SSA to decide whether to investigate its employees, and no provision of the Act allows this Court to review that decision."  (*Id.* (citing 42 U.S.C. § 405(g)-(h); *King ex rel. S.K. v. Comm'r of Soc. Sec.*, No. 6:07-cv-537-Orl-22DAB, 2008 WL 4095493, at *6 (M.D. Fla. Aug. 29, 2008))).  Ultimately, Defendant maintains, that "[b]ecause Plaintiff has identified no statute that authorizes this Court to order or approve an investigation, it must dismiss Plaintiff's request for lack of subject matter jurisdiction."  (*Id.* at 16-17).

Upon review, the Undersigned finds that Plaintiff's claim for a Court Order authorizing him to investigate how unnamed ALJs have wronged him and others is due to be dismissed.  As the Court has previously noted, "section 405(g) provides for affirming, modifying, or reversing the decision of the Commissioner but does not permit the Court to order an investigation within the Social Security Administration."  *King ex rel. S.K. v. Comm'r of Soc. Sec.*, No. 6:07-cv-537-Orl-22DAB,

2008 WL 4095493, at *6 (M.D. Fla. Aug. 29, 2008).  Thus, the Court has authority

to review Plaintiff's case, but it lacks the authority to direct an investigation into the

practices of the SSA.  *See id.*  Rather, the Commissioner and the Commissioner's

delegates have exclusive authority and control over all SSA personnel and activities.

*See* 42 U.S.C. § 901(b) (granting the SSA control over administration of the Social

Security programs); 42 U.S.C. § 902(a)(4) ("The Commissioner [of the SSA] shall be

responsible for the exercise of all powers and the discharge of all duties of the [SSA],

and shall have authority and control over all personnel and activities thereof.").

Thus, the Undersigned finds that the Court lacks the authority to authorize Plaintiff

to investigate the SSA – or to award him the funds to do so – and, therefore, finds

that Plaintiff's claim is due to be dismissed.

### E.    Plaintiff's Claim for $1,100.00 in Fees and Expenses Is Due to Be Dismissed.

Finally, Defendant argues that the Court must deny Plaintiff's request for the

$400.00 filing fee and other expenses associated with the prior action.  (Doc. 10 at

17).  In support, Defendant notes that Plaintiff has admitted that he received the

$400.00 filing fee.  (*Id.* (citing Doc. 10-3)).  Thus, Defendant contends that the

request for this fee is moot and that the Court should dismiss this claim.  (*Id.*).  As to

Plaintiff's request for additional costs and expenses associated with the prior

litigation, Defendant maintains that the claim is barred by the doctrine of res

judicata.  (*See id.* at 17-18).  Specifically, Defendant highlights that based on

Plaintiff's representations at a hearing in the prior action, the parties filed a joint

motion for fees under the EAJA, which sought only the $400.00 filing fee, and the Court granted the joint motion.  (*Id.* at 18).  Defendant argues that because Plaintiff did not seek any additional costs or expenses, despite their existence at the time of the prior litigation, any request for them is now barred.  (*Id.*).

Likewise, Defendant contends that any claims for reimbursement of costs and expenses associated with the current action is "entirely dependent on whether there is a final judgment and whether he is a prevailing party for purposes of EAJA," and that based on the claims set forth in the Complaint, it is unlikely Plaintiff will prevail. (*Id.* at 17 n.2 (citation omitted)).

As to Plaintiff's claim for the $400.00 filing fee incurred in the prior litigation, the Undersigned finds that the claim is due to be dismissed because the request is moot.  Article III of the United States Constitution grants federal courts jurisdiction over "Cases" and "Controversies."  *Strickland v. Alexander*, 772 F.3d 876, 882 (11th Cir. 2014) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559 (1992)).  This limitation "imposes what are generally referred to as 'justiciability' limitations."  *Id.* (citing *Socialist Workers Party v. Leahy,* 145 F.3d 1240, 1244 (11th Cir. 1998)). Justiciability in turn is concerned with standing, ripeness, and mootness.  *Id.* (citing *Leahy,* 145 F.3d 1244).  "The failure of any one of these strands can deprive a federal court of jurisdiction."  *Id.* at 883.  The Supreme Court has observed the similarities between standing and mootness, explaining that "the doctrine of mootness can be described as 'the doctrine of standing set in a time frame:  [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must

24

continue throughout its existence (mootness).'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43 at 68 n.22 (1997)).  Thus, "after a case is filed, if something subsequently occurs such that there is no longer a live controversy, then the case or portion thereof becomes moot." *Cicero v. Liberty Mut. Ins. Co.*, No. 3:15-cv-076-HES-PDB, 2016 WL 6571235, at *4 (M.D. Fla. Jan. 7, 2016).

Here, after filing this action, Plaintiff received the $400.00 filing fee incurred in filing the previous lawsuit.  (*See* Doc. 10-3 (Plaintiff acknowledging that he received a check for $400.00)).  Accordingly, the claim for the $400.00 filing fee from the prior litigation fails the mootness prong of justiciability and, therefore, deprives this Court of jurisdiction over that claim.  *See Strickland*, 772 F.3d at 882.  As a result, the claim for the $400.00 filing fee from the prior litigation is due to be dismissed for lack of jurisdiction.

As to the claim for additional expenses incurred in litigating the prior action, if any, the Undersigned finds that the claim is barred by the doctrine of res judicata. As discussed above, "[t]he purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1990) (second alteration in original) (quoting *Montana v. United States*, 440 U.S. 147, (1979).  Although not addressed by Defendant, the doctrine of "[r]es judicata generally refers to two

separate concepts:  claim preclusion and issue preclusion (also referred to as collateral estoppel)." *Clements v. Apax Partners LLP*, No. 2:20-cv-310-FtM-29MRM, 2021 WL 982740, at *4 (M.D. Fla. Mar. 16, 2021), *reconsideration denied,* No. 2:20-cv-310-FtM-JES-MRM, 2021 WL 1851684 (M.D. Fla. May 10, 2021) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)).

Claim preclusion "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).  A claim is barred by the doctrine of claim preclusion, if:  "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1990)).  "If a case arises out of the same nucleus of operative fact, or is based on the same factual predicate as a former action, then the two cases present the same claim or cause of action for purposes of res judicata." *Schwab v. Huntington Nat. Bank*, No. 2:12-cv-315-FtM-38, 2013 WL 6182127, at *6 (M.D. Fla. Nov. 25, 2013) (citing *Home Depot U.S.A., Inc. v. U.S. Fire Ins. Co.,* 299 F. App'x 892, 896 (11th Cir. 2008)). "The 'essential elements' of issue preclusion are 'that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.'" *Id.* (quoting

*Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.,* 945 So.2d 1216, 1235 (Fla. 2006)).

For the reasons discussed in Part III.B *supra*, the Undersigned finds that the first three elements are met; that is, there was final judgment by a court of competent jurisdiction in an action involving identical parties. *See Harris*, No. 2:19-cv-00823-NPM, Docs. 1, 18, 19, 20. Additionally, the issue of fees under the EAJA was clearly litigated and resolved in the prior action. *See Harris*, No. 2:19-cv-00823-NPM, Docs. 19, 20. Because both issues arise from the same nucleus of operative facts— *i.e.*, whether Plaintiff is entitled to fees and costs as the prevailing party in the previous lawsuit—the Undersigned finds the issue of Plaintiff's entitlement to the filing fee under the EAJA is the same issue or claim as an entitlement to additional expenses for the purposes of res judicata. *See Ragsdale*, 193 F.3d at 1240; *see also Home Depot U.S.A.*, 299 F. App'x at 896. Moreover, to the extent the claim is for expenses incurred in litigating the prior lawsuit, the issue existed at the time Plaintiff claimed EAJA fees in the prior litigation. *See Ragsdale v*, 193 F.3d at 1240. Thus, the Undersigned finds that to the extent Plaintiff seeks additional expenses associated with litigating his prior action, the claim is barred by the doctrine of res judicata.

Finally, to the extent the additional $300.00 relates to the cost of litigating this action, the Undersigned finds that Plaintiff is only entitled to such relief if he is the prevailing party in this lawsuit. *See* 28 U.S.C. § 2412(d)(1)(A); *see also* Fed. R. Civ. P. 54(d)(1). The same is true for the $400.00 filing fee incurred by filing the action. *See*

*id.*  For the reasons set forth herein, the Undersigned finds that at this time Plaintiff is not the prevailing party for the purposes of either the EAJA or Fed. R. Civ. P. 54. Due to the nature of this relief, a subsequent demand in any amended complaint would have no substantive bearing on the resolution of any future motion to dismiss.

In sum, for all the reasons set forth herein, the Undersigned finds that Defendant's motion is due to be granted and that Plaintiff's Complaint is due to be dismissed without prejudice.  *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").  Although the Undersigned is doubtful that Plaintiff can amend the Complaint to, truthfully, cure the deficiencies addressed in this Report and Recommendation, the Undersigned nevertheless recommends that Plaintiff be afforded an opportunity to do so within fourteen (14) days of the date of the presiding United States District Judge's Order on the motion.  The Undersigned also recommends that *pro se* Plaintiff be expressly warned that the failure to file an amended Complaint will result in the Court dismissing the action with further notice.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.     Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 10) be **GRANTED**;

2.      Plaintiff be ordered to file an amended complaint attempting to cure the jurisdiction defects discussed in any Order on the instant motion without fourteen (14) days of the date of the Order; and

3.      Plaintiff be warned that failure to file an amended complaint within fourteen (14) days of the date of any Order on the instant motion will result in this case being dismissed without further notice.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 18, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines.  To expedite

resolution, the parties may also file a joint notice waiving the fourteen-day objection

period.

Copies furnished to:

Counsel of Record
Unrepresented Parties